UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| SECURITIES AND EXCHANGE COMMISSION,<br><br>　　　　　　　　　　　　Plaintiff,<br><br>　　v.<br><br>JOHN HUGHES,<br><br>　　　　　　　　　　　　Defendant. | Hon. Michael A. Shipp<br><br>Civil No. 23-cv-21816<br><br>**ORDER GRANTING LEAVE TO INTERVENE AND A STAY** |

　　This matter having come before the Court on the motion of the United States for an Order: (1) granting the United States leave to intervene in the above-captioned civil action (the "Civil Action") pursuant to Federal Rule of Civil Procedure 24; and (2) staying the Civil Action pending the conclusion of criminal proceedings in *United States v. John Hughes*, Crim. No. 23-867 (MAS), and any related proceedings before the United States District Court (the "Criminal Action"):

　　**WHEREAS**, on November 2, 2023, the Securities and Exchange Commission ("SEC") filed the Civil Action against defendant John Hughes alleging that he violated Section 17(a) of the Securities Act of 1933 ("Securities Act") [15 U.S.C. § 77q(a)]; Section 10(b) of the Securities Exchange Act of 1934 ("Exchange Act" [15 U.S.C. § 78j(b)] and Rule 10b-5 thereunder [17 C.F.R. § 240.10b-5]; and Sections 206(1), (2), and (4) of the Investment Advisers Act of 1940 ("Advisers Act") [15 U.S.C. §§ 80b-6(1), (2), and (4)] and Rule 206(4)-8 thereunder [17 C.F.R. § 275.206(4)-8].

　　**WHEREAS**, the SEC's civil complaint alleges that, among other things, Hughes, a

1

founder and former executive of Prophecy Asset Management LP ("Prophecy"), engaged with others in a complex scheme to defraud investors through deception, misleading statements, and material omissions relating to purported low-risk, transparent, and diversified investment funds, which caused investors to lose in excess of $350 million.

**WHEREAS**, Hughes has not answered the civil complaint, and that parties have not yet exchanged discovery in the Civil Action.

**WHEREAS**, the Criminal Action arose from an ongoing criminal investigation conducted by the Federal Bureau of Investigation and the United States Attorney's Office for the District of New Jersey and similarly alleges that Hughes, working through Prophecy and with others, engaged in a complex scheme to defraud investors.

**WHEREAS**, on November 3, 2023, Hughes pleaded guilty in the Criminal Action to a one-count Information charging him with conspiracy to commit securities fraud contrary to Title 15, United States Code, Sections 78j(b) and 78ff, and Title 17, Code of Federal Regulations, Section 240. L0b-5, in violation of Title 18, United States Code, Section 371. *See* Crim. No. 23-867 (MAS).

**WHEREAS**, there is a significant overlap between the Civil Action and the Criminal Action Case in that the Civil Action and the Criminal Action involve the same individual and the same alleged securities fraud scheme.

**WHEREAS**, a stay of the Civil Action will cause little to no particularized harm to the SEC, Hughes, or to the public, and it will likely benefit the parties and the public by reducing the scope of discovery in the Civil Action and by narrowing or eliminating the issues to be decided in the Civil Action.

**WHEREAS**, the United States timely applied to intervene in the Civil Action.

**WHEREAS**, the United States has a sufficient interest in the Civil Action that may be

affected or impaired by the disposition of the Civil Action and which is not adequately represented by an existing party in the Civil Action.

**WHEREAS**, the Civil Action and the Criminal Action share common questions of law and fact.

**WHEREAS**, this Court has the inherent authority to stay proceedings in a civil case in the interests of justice when a parallel criminal prosecution is underway.

**WHEREAS**, neither party to the Civil Action opposes staying proceedings in the Civil Action until the Criminal Action has concluded.

**IT IS THEREFORE** on this 10th day of April 2024,

**ORDERED** that, pursuant to Federal Rule of Civil Procedure 24(a)(2), the United States is granted leave to intervene in the above-captioned action; and it is further

**ORDERED** that, in the interests of justice, the above-captioned action is **STAYED** until the Criminal Action is completed; and it is further

**ORDERED** that nothing in this Order impedes the ability of the SEC to conduct any investigation of individuals or entities not named as defendants in the Civil Action.

MICHAEL A. SHIPP
United States District Judge